UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KERRY TURNER,

    Plaintiff

v.

RENO POLICE DEPARTMENT, et al.,

    Defendants

Case No.: 3:23-cv-00221-ART-CSD

**Order**

Re: ECF Nos. 5, 6, 7, 9, 10, 12

Plaintiff has filed two motions for leave to amend (ECF Nos. 5 and 6), two amended complaints (ECF Nos. 9 and 10), a motion for appointment of counsel (ECF No. 7), and a motion for extension of time to pay his initial partial filing fee (ECF No. 12).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Washoe County Detention Facility (WCDF). He filed an application to proceed *in forma pauperis* (IFP) and pro se civil rights complaint. (ECF Nos. 1, 1-1.)

On August 7, 2023, the court issued an order granting the IFP application and requiring Plaintiff to pay the filing fee over time. In addition, the court allowed Plaintiff to proceed with his Fourth Amendment unreasonable search claim against Detective Hernandez. The Reno Police Department and Regional Narcotics Unit were dismissed, but with leave to amend to assert a *Monell* claim against the proper defendant, the City of Reno. (ECF No. 3.)

Despite being given leave to amend, Plaintiff has filed two motions for leave to amend. (ECF Nos. 5, 6.) He has also filed two amended complaints. (ECF Nos. 9, 10.)

As Plaintiff was already given leave to amend, the motions for leave to amend (ECF Nos. 5, 6) are denied as moot. The court will review and screen his proposed amended complaints, address his motion for appointment of counsel. Plaintiff's motion for an extension of time to pay his initial partial filing fee (ECF No. 12) is also denied as moot as Plaintiff has since paid the initial partial filing fee. (*See* ECF No. 11.)

## II. PROPOSED AMENDED COMPLAINTS

**A. Screening Standard**

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

2

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Analysis**

For unknown reasons, Plaintiff has filed two proposed amended complaints, and it is unclear which of the amended complaints Plaintiff intends to be the operative complaint. Both amended complaints add Detective Williams as a defendant. The first-filed amended complaint only includes very conclusory allegations against Detective Williams while the second filed amended complaint does not include any allegations against Detective Williams. Neither amended complaint contains sufficient allegations against the City of Reno under *Monell* as explained in the order screening the original complaint. The court will give Plaintiff one final opportunity to amend to assert claims against Hernandez, Williams, and the City of Reno. If Plaintiff does not do so, or if his second amended complaint is deficient, this action will proceed only against Hernandez in the original complaint.

///

///

## III. MOTION FOR APPOINTMENT OF COUNSEL

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff moves for appointment of counsel on the basis that he is not versed in the law and cannot articulate arguments necessary to move forward on his own.

Plaintiff has not set forth exceptional circumstances justifying the appointment of counsel. He has not established a likelihood of success on the merits. Nor has he demonstrated an inability to articulate his claims or arguments or that his case is unduly complex. Therefore, Plaintiff's motion for the appointment of counsel is denied.

///

///

///

## IV. CONCLUSION

Plaintiff's motions for leave to amend (ECF Nos. 5, 6) are **DENIED AS MOOT**.

The motion for extension of time to pay the initial partial filing fee (ECF No. 12) is **DENIED AS MOOT**.

The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint for an inmate.

Plaintiff has **30 days** from the date of this Order to file a second amended complaint correcting the deficiencies noted above. The second amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties or requests for relief from a prior complaint that are not carried forward in the second amended complaint will no longer be before the court. Plaintiff shall clearly title the complaint as the second amended complaint. If Plaintiff fails to timely file his second amended complaint, this action will proceed only on the Fourth Amendment claim against Detective Hernandez in the original complaint.

**IT IS SO ORDERED**.

Dated: September 25, 2023

_____
Craig S. Denney
United States Magistrate Judge