UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KERRY TURNER,<br><br>    Plaintiff<br><br>v.<br><br>RENO POLICE DEPARTMENT, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00221-ART-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 17 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections[1] proceeding pro se with this civil rights action under 42 U.S.C. § 1983, has filed an amended complaint (which should be construed as the Second Amended Complaint), which the court screens pursuant to 28 U.S.C. §§ 1915 and 1915A. For the reasons set forth below, it is recommended that Plaintiff be allowed to proceed with his Fourth Amendment unreasonable search claim against Williams and Hernandez, but that his Equal Protection and Prison Rape Elimination Act (PREA) claims be dismissed with prejudice, and that the City of Reno also be dismissed with prejudice.

## I. BACKGROUND

In his original complaint, Plaintiff sued the Reno Police Department, Regional Narcotics Unit, and Detective Andrew Hernandez as defendants. He alleged that Hernandez stuck his

---

[1] The events that give rise to Plaintiff's claims took place while he was an arrestee.

hands in Plaintiff's underwear and pulled down his pants and exposed his genitalia in public without Plaintiff's consent or probable cause. (ECF No. 4.)

The court screened the original complaint and allowed Plaintiff to proceed with a Fourth Amendment unreasonable search claim against Hernandez. The court found, however, that Plaintiff did not state a claim against the Reno Police Department or its Regional Narcotics Unit. Preliminarily, neither the police department nor its narcotics unit are proper defendants. While the City of Reno may be a proper defendant, a municipal entity, such as a city's police department, may only be liable for the infringement of constitutional rights under certain circumstances as set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and subsequent caselaw. Plaintiff did not include allegations sufficient to state a claim against the City of Reno under *Monell*; however, he was given leave to amend to attempt to do so. (ECF No. 3.)

Plaintiff subsequently filed two amended complaints. (ECF Nos. 9, 10.) While it was unclear which of the amended complaints Plaintiff intended to be the operative amended complaint, the court nevertheless screened both of those amended complaints. Both added detective Williams as a defendant, however, the first proposed amended complaint included only very conclusory allegations against Williams, and the second proposed amended complaint included no allegations against Williams. Moreover, neither of the proposed amended complaints included sufficient allegations against the City of Reno under *Monell* as explained in the order screening the original complaint. As such, the court gave Plaintiff one final opportunity to amend by filing a second amended complaint to assert claims against Hernandez, Williams, and the City of Reno. (ECF No. 14.)

The court subsequently determined that the action would proceed only on the Fourth Amendment claim against Hernandez as set forth in the original complaint and order screening the original complaint, and ordered the issuance of a summons and service of Hernandez. (ECF No. 15.) The summons was issued, but Hernandez was unable to be served. (ECF Nos. 16, 18.)

Plaintiff subsequently filed this second amended complaint (ECF No. 17), which the court will now screen.

## II. SCREENING STANDARD

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule

1  12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///
///
///
///

### III. SCREENING PLAINTIFF'S SECOND AMENDED COMPLAINT

**A. Allegations of the Second Amended Complaint**

The Second Amended Complaint names Detective Williams, Detective Hernandez, and the City of Reno, and it contains three claims asserting violation of the Fourth Amendment, the Fourteenth Amendment's Equal Protection Clause, and PREA. (ECF No. 17.)

Generally, Plaintiff alleges that on August 3, 2022, he was arrested by Defendants on an outstanding warrant, and a search was made of his person and no weapons were found. He claims the Defendants proceeded to strip search him totally nude in a public place in order to recover drugs from his underwear. He maintains that the search should have been conducted at the jail, instead of in a public place. He avers that the search was done to intentionally humiliate Plaintiff, and there was no immediate danger that justified conducting the strip search in public. (*Id.* at 2.)

In Claim 1, Plaintiff alleges that Williams devised the plan of arrest and instructed the other defendant (Hernandez) to violate Plaintiff's rights as he watched and videotaped the strip search of Plaintiff knowing Plaintiff had no weapons, solely to debase, dehumanize and embarrass Plaintiff. (*Id.* at 3.)

In Claim 2, Plaintiff alleges that Hernandez conducted the initial frisk subsequent to his arrest, and made sure Plaintiff had no weapons. He proceeded to strip search Plaintiff in public in the parking lot of the Motel 6 in plain day light. (*Id.* at 4.)

In Claims 1 and 2, Plaintiff alleges the search was unreasonable and that it violated PREA because he was detained at the time of the search. (*Id.* at 3-4.)

In Claim 3, Plaintiff alleges the City of Reno is responsible for the training and actions of its officers, including training regarding searches and PREA. He avers that as the employer of

these defendants, the City of Reno is responsible for their actions and violated Plaintiff's Fourth Amendment rights. (*Id.* at 5.)

**B. Fourth Amendment vs Williams and Hernandez**

The court finds for purposes of screening that Plaintiff has included sufficient factual allegations to state a Fourth Amendment unreasonable search claim against defendants Hernandez and Williams regarding the public strip search.

**C. Equal Protection**

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).

Plaintiff's Second Amended Complaint includes no allegations that would trigger the protections of the Fourteenth Amendment's Due process clause. Plaintiff has had multiple opportunities to amend to assert claims in this action; therefore, it is appropriate at this juncture to dismiss the equal protection claim with prejudice.

**D. PREA**

There is no cause of action for an alleged violation of PREA. *See Hatcher v. Harrington*, No. 14-00554 JMS/KSC, 2015 WL 474313, at *4 (D. Haw. Feb. 5, 2015) (noting that district courts nationwide have found that PREA does not create a private cause of action). PREA was enacted to study the problem of prison rape and to authorize the reporting of incidents of rape but nothing in the Act creates a private right of action enforceable under § 1983. *See Law v. Whitson*, 2:08-CV-0291-SPK, 2009 WL 5029564, *4 (E.D. Cal. Dec. 15, 2009); *Trost v. Cox*, 3:14-CV-

611-MMD-WGC, ECF No. 3, *9 (D. Nev. April 10, 2015).Therefore, his PREA claim should be dismissed with prejudice.

**E. City of Reno**

As the court discussed in the original screening order, municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

The municipal defendant must have actually caused the alleged deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 391 (1989). There must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Sandoval v. County of San Diego*, 985 F.3d 657, 681 (2021) (citation omitted).

The Second Amended Complaint does not include sufficient allegations to state a claim against the City of Reno. Plaintiff's claim is exactly what *Monell* seeks to prevent: alleging that a municipality violates the Constitution simply because it employs the alleged wrongdoer. Plaintiff attempts to assert a failure to train *Monell* violation, but includes no *factual* allegations to support such a theory of liability. Plaintiff has had multiple opportunities to state a claim against the City of Reno. Therefore, the City of Reno should be dismissed with prejudice at this point.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) That the Second Amended Complaint (ECF No. 17) is the operative pleading;

(2) That Plaintiff be permitted to **PROCEED** with his Fourth Amendment unreasonable search claim against Williams and Hernandez in the Second Amended Complaint;

(3) That the PREA and equal protection claims be **DISMISSED WITH PREJUDICE**;

(4) That the City of Reno be **DISMISSED WITH PREJUDICE**;

If this Report and Recommendation is adopted, then the District Judge shall issue the following order concerning service of the Second Amended Complaint:

The Clerk shall **ISSUE** another summons for defendant Andrew Hernandez and a summons for defendant Detective Williams, **and deliver the same**, to the U.S. Marshal for service. The Clerk shall also **SEND** sufficient copies of the Second Amended Complaint (ECF No. 17) and this Order to the U.S. Marshal for service on the Defendants. The Clerk shall **SEND** to Plaintiff two USM-285 forms. Plaintiff has **21 days** to send the U.S. Marshal the required USM-285 forms with the relevant information provided for each defendant on the form (send to the U.S. Marshal at 400 S. Virginia St., 2nd Floor, Reno, NV 89501). Plaintiff should note that the U.S. Marshal was previously unable to serve defendant Hernandez at the address provided in

the last USM-285 form, so he may wish to provide an alternative address for service of Hernandez. Within **20 days** after receiving form the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if a defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the order directing service. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule IA 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the

Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 1, 2023

_____
Craig S. Denney
United States Magistrate Judge

10