1
2
3                      UNITED STATES DISTRICT COURT
4                            DISTRICT OF NEVADA
5
6     KERRY TURNER,                           Case No. 3:23-cv-00221-ART-CSD
7                      Plaintiff,             ORDER
            v.
8     RENO POLICE DEPARTMENT, et al.,
9                      Defendants.
10
11
12         Plaintiff Kerry Turner brings this action under 42 U.S.C. § 1983 against
13   Defendants City of Reno, Detective Thomas Williams, and Detective Andrew
14   Hernandez. Plaintiff alleges that during his arrest on August 3, 2022, he was strip
     searched nude by Defendants in public without probable cause.
15
16         Before the Court is Plaintiff's second amended complaint (ECF No. 17.) This
17   complaint names Detective Williams, Detective Hernandez, and the City of Reno
     as Defendants, and asserts three claims: violation of the Fourth Amendment,
18
     violation of the Fourteenth Amendment's Equal Protection Clause, and violation
19
     of the Prison Rape Elimination Act ("PREA"). (ECF No. 17.) Magistrate Judge Craig
20
     S. Denney issued a Report and Recommendation ("R&R") recommending that
21
     Plaintiff be allowed to proceed with his Fourth Amendment unreasonable search
22
     claim against Williams and Hernandez, but that his equal protection and PREA
23
     claims be dismissed with prejudice, and that the City of Reno be dismissed as a
24
     Defendant with prejudice (ECF No. 21.)
25
26         For the foregoing reasons, the Court adopts Judge Denney's R&R. The
27   Court orders that Plaintiff's second amended complaint (ECF No. 17) be
28   considered the operative pleading, that Plaintiff be permitted to proceed with his

Fourth Amendment unreasonable search claim against Williams and Hernandez, and that Plaintiff's equal protection and PREA claims, as well as Defendant City of Reno, be dismissed with prejudice.

## I.     BACKGROUND

Upon review, the Court agrees with and adopts the Magistrate Judge's factual and procedural history (ECF No. 21 at 1-3) in full:

In his original complaint, Plaintiff sued the Reno Police Department, Regional Narcotics Unit, and Detective Andrew Hernandez as defendants. He alleged that Hernandez stuck his hands in Plaintiff's underwear and pulled down his pants and exposed his genitalia in public without Plaintiff's consent or probable cause. (ECF No. 4.)

The Court screened the original complaint and allowed Plaintiff to proceed with a Fourth Amendment unreasonable search claim against Hernandez. The Court found, however, that Plaintiff did not state a claim against the Reno Police Department or its Regional Narcotics Unit. Preliminarily, neither the police department nor its narcotics unit are proper defendants. While the City of Reno may be a proper defendant, a municipal entity, such as a city's police department, may only be liable for the infringement of constitutional rights under certain circumstances as set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and subsequent caselaw. Plaintiff did not include allegations sufficient to state a claim against the City of Reno under *Monell*; however, he was given leave to amend to attempt to do so. (ECF No. 3.)

Plaintiff subsequently filed two amended complaints. (ECF Nos. 9, 10.) While it was unclear which of the amended complaints Plaintiff intended to be the operative amended complaint, the Court nevertheless screened both of those amended complaints. Both added detective Williams as a defendant, however, the first proposed amended complaint included only very conclusory allegations against Williams, and the second proposed amended complaint included no

allegations against Williams. Moreover, neither of the proposed amended complaints included sufficient allegations against the City of Reno under *Monell* as explained in the order screening the original complaint. As such, the Court gave Plaintiff one final opportunity to amend by filing a second amended complaint to assert claims against Hernandez, Williams, and the City of Reno. (ECF No. 14.)

The Court subsequently determined that the action would proceed only on the Fourth Amendment claim against Hernandez as set forth in the original complaint and order screening the original complaint, and ordered the issuance of a summons and service of Hernandez. (ECF No. 15.) The summons was issued, but Hernandez was unable to be served. (ECF Nos. 16, 18.)

Plaintiff subsequently filed this second amended complaint (ECF No. 17), which the Court will now screen.

## II.    LEGAL STANDARD

### A. Screening Standard

Per Judge Denney's R&R, the standard for screening complaints in which a prisoner seeks redress against the government or an officer or employer of a government entity is as follows:

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint,

1    or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or

2    fails to state a claim upon which relief may be granted; or (2) seeks monetary

3    relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-

4    (2).

5           Dismissal of a complaint for failure to state a claim upon which relief may

6    be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28

7    U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As

8    such, when reviewing the adequacy of a complaint under these statutes, the court

9    applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v.*

10   *Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is

11   essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

12   232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

13          The court must accept as true the allegations, construe the pleadings in

14   the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's

15   favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

16   Allegations in pro se complaints are "held to less stringent standards than formal

17   pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal

18   quotation marks and citation omitted).

19          A complaint must contain more than a "formulaic recitation of the elements

20   of a cause of action," it must contain factual allegations sufficient to "raise a right

21   to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

22   555 (2007). "The pleading must contain something more ... than ... a statement

23   of facts that merely creates a suspicion [of] a legally cognizable right of action."

24   Id. (citation and quotation marks omitted). At a minimum, a plaintiff should

25   include "enough facts to state a claim to relief that is plausible on its face." *Id.* at

26   570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

27          A dismissal should not be without leave to amend unless it is clear from

28   the face of the complaint that the action is frivolous and could not be amended

to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### B. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III.   ANALYSIS

Plaintiff filed an objection to Judge Denney's R&R screening his complaint (ECF No. 23.) As such, the Court reviews the issues in the R&R *de novo*.

### A. Fourth Amendment Claim

The Court agrees with Judge Denney that for the purposes of screening, Plaintiff has sufficiently alleged that he was subject to an unreasonable search by Defendants Hernandez and Williams, in violation of his Fourth Amendment rights. Accordingly, this claim against Defendants Hernandez and Williams may proceed.

### B. Equal Protection Claim

The Court agrees with Judge Denney's determination that Plaintiff's second amended complaint does not include allegations that could give rise to an equal protection violation. An equal protection claim requires an allegation that one was treated differently from others who are similarly situated based on membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686-687 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158 (9th Cir. 2005).

Here, Plaintiff has not alleged that he was treated differently from others who are similarly situated based on a protected class. The Court agrees that given the fact that Plaintiff has amended his complaint multiple times and has failed to include facts to support an equal protection violation, it is appropriate to dismiss this claim with prejudice.

### C. PREA Claim

The Court agrees with Judge Denney's determination that Plaintiff may not bring a claim under PREA. There is no private right of action for an alleged violation of PREA, meaning that a Plaintiff may not bring a private lawsuit for violation of PREA. *See Hatcher v. Harrington*, No. 14-00554 JMS/KSC, 2015 WL 474313, at *4 (D. Haw. Feb. 5, 2015) (noting that district courts nationwide have found that PREA does not create a private cause of action). Accordingly, the Court dismisses this claim with prejudice.

### D. City of Reno as a Defendant

The Court agrees with Judge Denney's determination that Plaintiff does not state a claim against the City of Reno. Under *Monell*, municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a respondeat superior theory because it employed an alleged wrongdoer. *Id.* at 603.

Plaintiff's second amended complaint does not allege an official policy, pervasive practice or custom, or decision or act by a final policymaker. Plaintiff does allege that as the employer of Defendants Hernandez and Williams, the City is responsible for their training. (ECF No. 17 at 5.)  However, Plaintiff does not

plead sufficient factual allegations to state a failure to train claim against the City of Reno under *Monell*.

Given that Plaintiff has been given several opportunities to amend his complaint to state a *Monell* claim against the City of Reno, the Court agrees with Judge Denney's recommendation that this claim be dismissed with prejudice.

### IV.    Plaintiff's Motion for Extension of Time

Plaintiff filed a motion for extension of time to object to Judge Denney's R&R (ECF No. 22.) Good cause appearing, the Court will grant Plaintiff's motion.

### V.    CONCLUSION

It is therefore ordered that Plaintiff's second amended complaint (ECF No. 17) be the operative pleading in this case.

It is further ordered that Plaintiff's motion for extension of time (ECF No. 22) is **GRANTED.**

It is further ordered that Plaintiff's objection to Judge Denney's R&R (ECF No. 23) is **OVERRULED.**

It is further ordered that Judge Denney's R&R (ECF No. 21) is **ADOPTED**.

It is further ordered that Plaintiff's PREA and equal protection claims are **DISMISSED** with prejudice.

It is further ordered that the City of Reno be **DISMISSED** as a Defendant in this action with prejudice.

It is further ordered that Plaintiff may **PROCEED** with his Fourth Amendment unreasonable search claim against Defendants William and Hernandez in the second amended complaint.

Additionally, the Clerk shall **ISSUE** another summons for Defendant Andrew Hernandez and a summons for Defendant Detective Williams, **and deliver the same**, to the U.S. Marshal for service. The Clerk shall also **SEND** sufficient copies of the Second Amended Complaint (ECF No. 17) and this Order to the U.S. Marshal for service on the Defendants. The Clerk shall **SEND** to

Plaintiff two USM-285 forms. **Plaintiff has 21 days** from the date of this order (until **October 11, 2024**) to send the U.S. Marshal the required USM-285 forms with the relevant information provided for each Defendant on the form (send to the U.S. Marshal at 400 S. Virginia St., 2nd Floor, Reno, NV 89501). Plaintiff should note that the U.S. Marshal was previously unable to serve Defendant Hernandez at the address provided in the last USM-285 form, so he may wish to provide an alternative address for service of Hernandez. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if a Defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the order directing service. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule IA 6-1 before the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

Plaintiff shall serve upon Defendant(s) or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the

individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

Dated this 20th day of September, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE