UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KERRY TURNER, <br><br> Plaintiff, <br> v. <br><br> RENO POLICE DEPARTMENT, et al., <br><br> Defendants. | Case No. 3:23-cv-00221-ART-CSD <br><br> ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL <br> (ECF No. 52) |

Plaintiff Kerry Turner brings this action under 42 U.S.C. § 1983 against Defendants City of Reno, Detective Thomas Williams, and Detective Andrew Hernandez. The Court screened Plaintiffs second amended complaint and allowed him to proceed with Fourth Amendment complaints against Defendants Williams and Hernandez. Before the Court is Plaintiff's motion to voluntarily dismiss this case without prejudice. (ECF No. 52.) Defendants filed a response supporting dismissal, but request that the action be dismissed with prejudice based on their pending motion to dismiss. (ECF No. 53.)

### I.  Legal Standard for Voluntary Dismissal

An action may be voluntarily dismissed by a Plaintiff under Fed. R. Civ. P. 41(a)(1)(A)(i) if the notice of dismissal is filed before the opposing party files either an answer or a motion for summary judgment. Here, Defendants have filed a motion to dismiss under Fed. R. Civ. P 12(b)(1) and 12(b)(6) (ECF No. 29) but no answer or motion for summary judgment.

Generally, the filing of a motion to dismiss does not terminate the Plaintiff's right to voluntary dismissal under Rule 41(a)(1)(A)(i). *Lucky Star Enterprises III, LLC v. Wells Fargo Bank, N.A.*, 585 F.Supp.3d 1297, 1303 (W.D.Wash., 2022) (citing *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970)). There is one exception: where the motion to dismiss is accompanied by affidavits or other documents dealing with matters outside the pleadings, and these are not

1

excluded by the district court, the motion is effectively converted into a summary judgment motion under Fed. R. Civ. P. 56. 9 Charles A. Wright & Arthur Miller, *Fed. Prac. & Proc. Civ.* § 2363 (4th ed. June 2024); *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C. D. Cal., 1996).

## II. Defendants' Motion to Dismiss

Defendants' motion to dismiss requests that the Court take judicial notice of and incorporate by reference documents filed in Plaintiff's state court prosecution. When a court incorporates by reference documents not attached to the complaint but whose contents are alleged in the complaint, it does not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir.2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Therefore, even if the Court did consider the documents filed in Plaintiff's state court prosecution, Defendants' motion to dismiss is not converted into a motion for summary judgment.

Because this exception does not apply to Defendants' motion to dismiss, Plaintiff is entitled to voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). Under Fed. R. Civ. P. 41(a)(1)(B), "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Plaintiff's motion for voluntary dismissal requested dismissal without prejudice. (ECF No. 53 at 1.)

Plaintiff is therefore entitled to dismissal of this action without prejudice. *See Esquivel*, 913 F. Supp. 1386 (C. D. Cal. 1996); *Lucky Star Enterprises III, LLC v. Wells Fargo Bank, N.A.*, 585 F. Supp. 3d 1297, 1303 (W. D.W ash., 2022).

## I. CONCLUSION

It is therefore ordered that Plaintiff's motion for voluntary dismissal (ECF No. 52) is GRANTED.

It is further ordered that this action is DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(a)(1).

The Clerk of the Court is instructed to ENTER JUDGMENT and CLOSE this case.

Dated this 4th day of March 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE